UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VERTEN DODSON, TDCJ #01485604, | § § § | |
| Plaintiff, | § § | |
| vs. | § | CIVIL ACTION NO. H-20-0256 |
| JUDGE VANESSA D. GILMORE, | § § § | |
| Defendant. | § § § | |

## **MEMORANDUM AND ORDER**

State inmate Verten Dodson (TDCJ #01485604) has filed a complaint under 42 U.S.C. § 1983 against United States District Judge Vanessa Gilmore, alleging violations of his civil rights in connection with a case that he filed previously in federal court. Because he is an inmate who proceeds *in forma pauperis*, the Court is required by the Prison Litigation Reform Act (the "PLRA") to scrutinize the complaint and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). After reviewing all of the pleadings and the applicable law, the Court will dismiss this case for the reasons explained below.

**I.    BACKGROUND**

Dodson takes issue with Judge Gilmore's decision to dismiss a prisoner civil rights case that he filed previously in the Southern District of Texas, Houston Division [Doc. # 1, at 3-4]. In that case, *Dodson v. Dr. Hulipas, et al.*, Civil No. H-19-2141, Dodson filed suit against three physicians employed by the University of Texas Medical Branch ("UTMB"), alleging that he had been denied adequate care for chronic ringworm infestation and other medical issues. After Dodson filed a more definite statement of his claims, the case was dismissed as frivolous pursuant to the PLRA, 28 U.S.C. § 1915(e)(2)(B), on December 17, 2019. Dodson has not filed an appeal or post-judgment motion for reconsideration in that case.

In his pending civil rights complaint, Dodson appears to contend that Judge Gilmore violated his right to due process by dismissing his complaint in Civil No. H-19-2141 without examining his medical records or requesting an answer from the defendants [Doc. # 1, at 3-4].[1] He seeks $1 million in compensatory damages for the violation of his constitutional rights under 42 U.S.C. § 1983.

---

[1] The Court is mindful of the fact that plaintiff proceeds *pro se* in this case. Courts are required to give a *pro se* litigant's contentions, however inartfully pleaded, a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (noting that allegations in a *pro se* complaint, however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers).

## II. DISCUSSION

Dodson may not pursue a civil action against Judge Gilmore for actions taken as a United States District Judge under Article III of the United States Constitution. It is well established that judges are entitled to absolute immunity from claims arising out of acts performed in the exercise of their judicial functions. *See Stump v. Sparkman*, 435 U.S. 349, 355 (1978). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity may be overcome only by showing that the actions complained of were non-judicial in nature or were taken in the complete absence of all jurisdiction. *See id.* at 11-12. Because Dodson plainly takes issue with actions of a judicial nature that resulted in the dismissal of his complaint pursuant to the PLRA, 28 U.S.C. § 1915(e)(2)(B), he fails to overcome Judge Gilmore's entitlement to immunity and his complaint will be dismissed.

## III. CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** as follows:

1. The complaint filed by Verten Dodson is **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B).

2. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk's Office will provide a copy of this order to the parties of record. The Clerk will also provide a copy of this order to the Manager of the Three Strikes

List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas on February 20, 2020.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE